IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. HEATHCOTE HOLDINGS CORP., INC., | )<br>)<br>) |
| Plaintiff, | )<br>) No.   10 C 1471 |
| v. | )<br>) |
| LEAPFROG ENTERPRISES, INC., | )   HONORABLE DAVID H. COAR |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Before the court is defendant's motion to transfer venue to the Northern District of California (NDCA).  For the reasons that follow, the motion is GRANTED.

Defendant Leapfrog Enterprises manufactures and sells children's educational products, including the Leapster 2 learning system, and, previously, Leapster 1.  It is headquartered in California, though its products are sold in many states, including Illinois.  Plaintiff-relator Heathcote Holdings is a one-man corporation incorporated in Illinois.  The nature of plaintiff's business is unclear, except that, as defendant points out, since its incorporation in 2008 it has brought eight similar lawsuits against other defendants.  Plaintiff alleges that defendant falsely marked its Leapster products with two design patents which, according to plaintiff, do not apply to those products.  Plaintiff brought this qui tam action under 35 U.S.C. § 292, which prohibits false marking.  The statute allows "any person" to sue on behalf of the United States, and gives that person half of any penalty recovered.  *Id.* § 292(b).  Leapfrog has moved to transfer the action to the NDCA, explaining that most of its operations, employees, and documents are located there.

**LEGAL STANDARD**

The court may transfer an action to any district where it could have been brought if the transfer would be more convenient for the parties and witnesses and is "in the interest of justice." 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The burden is on the movant to show that the transferee district is clearly more convenient. *Coffey*, 796 F.2d at 219-220. Factors relevant to the convenience inquiry include the plaintiff's choice of forum, the availability of compulsory process to secure the attendance of recalcitrant witnesses, the cost of attendance for witnesses, the ease of access to sources of proof, the situs of material events, and any other practical problems. *Nalco Co. v. Envtl. Mgmt., Inc.*, 694 F. Supp. 2d 994, 998 (N.D. Ill. Mar. 8, 2010); *Gen 17 v. Sun Microsystems, Inc.*, 953 F. Supp. 240, 242 (N.D. Ill. 1997). Factors relevant to the interests of justice are the speed at which the case will proceed, the court's familiarity with the relevant law, the desirability of resolving controversies where they occur, and the relationship between the controversy and the community. *Nalco*, 694 F. Supp. 2d at 999; *see Coffey*, 796 F.2d at 220-21. The weighing of these factors is committed to the discretion of the trial judge. *Coffey*, 796 F.2d at 219; *Sitrick v. Dreamworks, Inc.*, No. 02 C 8403, 2003 WL 21147898, at *2 (N.D.Ill. May 14, 2003).

**DISCUSSION**

The first question is whether venue is proper both here and in the transferee district. The parties agree that venue here is proper. Plaintiff's argument seems to conflate the propriety inquiry and the convenience inquiry, but to the extent that plaintiff suggests that the Northern District of Illinois is the only proper venue, it is incorrect. Plaintiff argues that venue in a false marking action is governed by 28 U.S.C. §1395(a) (regarding all civil proceedings for recovering a fine or penalty), rather than 28 U.S.C. §1400(b) (regarding patent infringement actions), as

defendant suggests. But §1395(a), if applicable, simply gives the plaintiff more venue options than would either the general venue provision, 28 U.S.C. § 1391, or the patent infringement provision, §1400(b). Typically, venue is proper where the defendant can be "found" only if there is no other judicial district in which the suit can be brought, 28 U.S.C. § 1391. Section 1395(a) provides that an action for a fine or penalty "may be prosecuted where the defendant is found," without regard to whether it could also be brought in another district. Leapfrog markets and sells its products nationwide,[*] so it is "found" here as well as in the NDCA— where it not only sells products but also headquarters its operations. Moreover, venue would be appropriate in the NDCA under the usual venue statute because Leapfrog's headquarters are in Emeryville, California. *See* 28 U.S.C. § 1391. Accordingly, venue is proper in either district.

In determining whether a transfer would serve the private interests of the parties, the court weights the factors identified above, including where the parties, relevant witnesses, and evidence are located. Although a plaintiff's choice of forum is normally entitled to some degree of deference, defendant points out that courts generally do not afford it substantial weight in qui tam actions, where the plaintiff is suing on behalf of the United States and is not the real party in interest. *E.g.*, *S.F. Tech., Inc. v. The Glad Prods. Co.*, No. 10-CV-00966, 2010 WL 2943537, at *7 (N.D. Cal. July 26, 2010), and cases cited therein; *cf. United States ex rel. Hall v. Tribal Development Corp.*, 49 F.3d 1208, 1212-13 (7th Cir.1995) (explaining that United States is real party in interest in a qui tam action). Plaintiff does not attempt to distinguish this authority or cite any to the contrary. Furthermore, a plaintiff's choice of forum is less significant when the operative facts have little connection to the forum. *Morton Grove Pharm., Inc. v. Nat'l Pendiculosis Ass'n, Inc.*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. Nov. 30, 2007); *see In re Nat'l*

---

[*] Leapfrog products are sold at national retailers such as Toys "R" Us, Wal-Mart, and Target. *See* Leapfrog, Find a Store, http://www.leapfrog.com/en/pages/support/find_a_store.html (last visited Dec. 21, 2010).

*Presto Indus.*, 347 F.3d 662, 664 (7th Cir. 2003); *Chicago, Rock Island & Pacific Railroad Co. v. Igoe,* 220 F.2d 299, 304 (7th Cir.1955)).  Here, the operative facts have no more connection with Illinois than with any other state; the products at issue are sold nationwide.  This factor only slightly weighs against transfer.

The next factor, convenience to witnesses, is often considered the most important.  *Morton Grove Pharm.*, 525 F. Supp. 2d at 1045; *Illinois Comp. Res., LLC v. HarperCollins Publishers, Inc.*, No. 10 C 5021, 2010 WL 4877501, at *3 (N.D. Ill. Nov. 22, 2010).  Defendant has identified six witnesses, including the inventor of both of the relevant patents, who it says have knowledge of its patent marking procedures.  All of them reside in California, and two of them no longer work for defendant, and as such are non-party witnesses.  The only potential witness located in Illinois is the corporate president of plaintiff, and neither party expresses an intention to call him at this stage.  Although convenience to party witnesses is somewhat less significant than convenience to non-party witnesses, *see Nalco*, 694 F. Supp. 2d at 999, both groups of witnesses would face far more inconvenience and expense if the action remains here.  Also, to the extent that the non-party witnesses failed to appear, this court would lack subpoena power over them, whereas the NDCA would have that power.  These factors favor transfer.

As for the convenience of the parties themselves, each would be inconvenienced by litigating in the other's choice of forum.  Plaintiff argues that it faces more inconvenience because it is "a one-man corporation with no assets," but it offers no evidence of its lack of assets.  Defendant, though it apparently has more resources, also has more people that would be inconvenienced by traveling here.  This factor does not strongly favor either side.

The remaining private interest factors, ease of access to sources of proof and the situs of material events, both favor transfer.  The main sources of proof the parties have identified are

4

located at defendant's offices, or its counsel's office, in the NDCA; plaintiff appears to possess minimal relevant evidence.  As defendant points out, is typical in a patent infringement case that the accused infringer would have the majority of evidence, and since that evidence is kept in California, that factor favors transfer.  *See In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).  Similarly, the situs of material events is essentially where the defendant's employees and operations are located, because the main issue in the case is whether defendant falsely marked its products and did so intentionally.  That factor also favors transfer.

The first two factors under the interest of justice analysis are neutral.  The suit will likely be resolved in approximately the same amount of time in either district. (The average time from filing to trial 25.4 months in the NDCA and 27.8 months here, but the average time from filing to disposition is 9.4 months in the NDCA and 6.2 months here.  Federal Court Management Statistics 2009, *available at* http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2009.pl (last visited Dec. 21, 2010).)  Also, although plaintiff points out that the suit has been in this district since March of this year, it is still in the preliminary stages and the court has not expended significant judicial resources on it.  *See U.S. ex rel Gervae v. Payne & Dolan, Inc.*, No. 01-C-0383, 2003 WL 23185881, at *4 (W.D. Wis. July 14, 2003).  Since the case arises under federal law, either court would have the same degree of familiarity with the law.

The latter two factors, involving the connection between the venue and the controversy, favor transfer.  Here, California is the real site of the controversy; if defendant intentionally decided to falsely mark its products, the decision was made by employees there.  Furthermore, California would have a substantial interest in the case because defendant has a substantial presence there: it employees 350 people and pays considerable taxes.   In contrast, though Illinois would have an interest in redressing any harm to its citizens, the only Illinois citizen

involved is not even the real party in interest here: any person anywhere across the country could have brought this lawsuit on behalf of the United States.

## CONCLUSION

The relevant factors support transferring this case. Accordingly, the motion to transfer venue pursuant to 28 U.S.C. §1404(a) is GRANTED. This case is transferred to the United States District Court for the Northern District of California.

                                              Enter:
                                              /s/ David H. Coar

                                              _____
                                              David H. Coar
                                              United States District Judge

**Dated:** December 27, 2010